PESQUERA *v.* FERNÁNDEZ.

APPEAL from the District Court of San Juan.

No. 472.—Decided March 31, 1910.

UNLAWFUL DETAINER—DEFENDANT'S TITLE—PRESCRIPTION—TESTIMONY OF WITNESSES IN REGARD TO POSSESSION BY PREDECESSOR IN INTEREST.—In an action of unlawful detainer, prosecuted by the plaintiff under title of ownership, wherein defendant alleged prescription as his title, the testimony of witnesses, introduced by defendant, is admissible in evidence to show that he, his mother and grandmother had for more than 30 years, occupied the house in question.

ID.—OBJECT OF ACTION—IDENTITY OF PROPERTY—HOUSE AND LOT.—The object of an action of unlawful detainer being to recover from the defendant the property of which he is illegally in possession, the plaintiff must clearly show what property the defendant illegally withholds and, inasmuch as, in the case at bar, one of the witnesses testified that the defendant occupied the house and lot as the owner thereof, this is sufficient to show that the defendant is in possession of the house and lot.

ID.—DEFENDANT'S TITLE—PRESCRIPTION.—Where, in an action of unlawful detainer, the plaintiff presents a possessory title recorded in the registry, and the defendant proves that he has the actual possession of the property under title of prescription for 30 years, it cannot be said that the defendant possesses without title or right to do so.

PREFERENCE OF TITLE—CONFLICTING TITLE—SCOPE OF ACTION OF UNLAWFUL DETAINER.—The preference of one title to another will not be decided in an

action of unlawful detainer, it being sufficient to defeat the action that the defendant has not only the possession but a title by prescription, even if the latter is disputable.

ID.—CONTROVERTIBLE DECISIONS OF QUESTIONS OF LAW.—In an action of unlawful detainer questions which are more or less controvertible, will not be decided, it being the duty of the court to consider and determine the propriety of the prosecution of the action against the person sought to be dispossessed, and plaintiff's title may serve to show in another action that defendant's title was invalid, but not to change the situation or state the facts with regard to the possession of the parties.

The facts are stated in the opinion.

Mr. José N. Pesquera for appellant.

Mr. Luis Freyre for respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

The complaint in this case sets up that José de Jesús Pesquera is the owner of a rural piece of land, describing it; that the plaintiff obtained the land from the bishopric of this diocese by deed bearing date of July 13, 1894, which was inscribed in the Registery of Property of the district of San Juan at a certain volume and page described in said complaint; that the defendant Salomé Fernández had taken possession of a piece or lot of said property along with a house, without any right or title to the same and without paying anything to its legitimate owner, and that this possession at will (en precario), dates from January 1, 1907, to the present day; and the complaint ends with the prayer that the defendant be required to quit the premises in accordance with the law of unlawful detainer.

The defendant appeared and verbally denied the facts of the complaint.

There was proof at the trial tending to show that the defendant and his mother and grandmother had occupied the house, that they now are alleged to be withholding from the plaintiff, for more than 30 years. This was brought out by the testimony of several witnesses.

The appellant alleges as grounds of the appeal, that the court should not have permitted the defendant to introduce the testimony of witnesses, tending to prove the possession of

the land for more than 30 years, and invokes, besides, in his defense, section 35 of the Mortgage Law; and section 1850 of the Civil Code.

We think that the lower court committed no error in the admission of the testimony of the witnesses; for, if the plaintiff alleged, as ground of his action, the possession at will (*en precario*) on the part of the defendant, and the latter contradicted such allegation, he could very well furnish evidence, as he did, to show that his possession was not at will, but that it was based on a title by prescription; and, it appears from the evidence, that he is in possession of the property by virtue of said title.

It is true that the complainant and appellant maintains in his brief that the defendant only possesses a house, but it is perfectly clear that he could not possess a house without some of the land on which it stood; and the complainant describes or attempts to describe the property which defendant is withholding as consisting of a house and lot. The object of the suit of unlawful detainer is to get back from the defendant the land which he wrongfully retains and it is the duty of the complainant to point out clearly what is the property that the defendant withholds; and as the complaint has described the land withheld according to its boundaries, and as one of the witnesses at least speaks of Salomé Fernández as occupying the lot or house as owner, it would seem perfectly clear that the land that the defendant claims by prescription is the same land that the complainant seeks to recover.

We have, therefore, on the one hand, a possessory title which is recorded in the registry of property, and on the other, an actual possession which is sustained by a title acquired by prescription, and, therefore, it cannot be said that the defendant possesses the property without any title or right thereto, as is asserted in the complaint.

In this judgment, we can neither discuss nor decide the preference of one title over the other, for, that can only be done in the proper declaratory action, according to the prin-

ciple laid down in the decision rendered on December 5, 1906, in the case of *del Valle* v. *Andreu*; and an action of unlawful detainer is not the proper one, to raise issues in regard to rights that are more or less disputable, the courts being obliged to confine themselves to examining and determining whether the action brought, lies against the person who is sought to be dispossessed, and the title which, in his turn, is shown by the plaintiff, may avail to prove at another trial, the lack of right of the defendant, but not to change the situation or state of facts with regard to the possession of the parties, as we said in a former decision, rendered on December 12, 1904, in the case of *Regalado* v. *Méndez.*

Both decisions were cited by this court, upon deciding, on February 6, 1908, the case of *Mehrhof* v. *Rodríguez,* and others, and in said decisions, we referred to the jurisprudence of the Supreme Court of Spain, established in the judgments of April 8, 1897, and January 4, 1900.

This being so, it is unnecessary to discuss the violation of the sections of the Mortgage Law and of the Civil Code, referred to in the appeal, for said discussion should take place in a proper declaratory suit.

Here we have only to decide whether the defendant's possession of the property referred to is at will, and this point has been answered in the negative.

For the reasons stated the judgment from which the appeal is taken must be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Figueras, MacLeary and Wolf concurred.